Teddie L. **DAVENPORT**, Appellant,

v.

Billy **ASHLEY**, Warden of Western Kentucky Correctional Complex, Appellee.

No. 97–CA–002853–MR.

Court of Appeals of Kentucky.

Feb. 20, 1998.

As Modified April 17, 1998.

Discretionary Review Denied by Supreme Court Oct. 7, 1998.

Teddie L. Davenport, Eddyville, pro se.

Stephen P. Durham, Frankfort, for Appellee.

Before BUCKINGHAM, GARDNER and SCHRODER, JJ.

### OPINION AND ORDER

BUCKINGHAM, Judge.

Appellant, Teddie L. Davenport (Davenport), appeals the Lyon Circuit Court's order denying his petition for writ of habeas corpus. This Court entered a show cause order against Davenport on November 20, 1997, giving Davenport ten (10) days to show cause why his appeal should not be dismissed for failure to pay the required filing fee of one hundred and twenty-five ($125.00) dollars to the clerk of the Lyon Circuit Court.

Davenport responded, and stated that he sent a check to the Lyon Circuit Court Clerk, who returned the check in a letter which stated that no filing fee was necessary in a "true habeas corpus case." The circuit court clerk attached a list of applicable filing fees in the Lyon Circuit Court which states, "None," in reference to habeas petitions.

Davenport argues that relief on a habeas petition is a special statutory remedy; therefore, he need not pay a filing fee pursuant to CR 76.42(1) and CR 73.01(1). CR 76.42(1) states:

> Except for a filing fee, no costs shall be taxed in proceedings in the Supreme Court and Court of Appeals unless depositions are taken in an original action as authorized by Rule 76.35(5), in which event the reporter's fees for taking and transcribing the depositions shall be charged to the unsuccessful party.

Davenport argues that CR 73.01(1) provides an exception for habeas petition appeals when it states, "Rules 73, 74, 75 and 76 apply to all appeals in civil actions except as otherwise provided in Rule 72 or in statutes creating special remedies."

Kentucky Revised Statute (KRS) 419.130, which sets forth appellate procedures on petitions for writs of habeas corpus, does not explicitly state that an appeal from a habeas corpus petition is a special remedy. Absent such language, Davenport (and any appellant) is responsible for paying the required filing fee, regardless of rules which do not require a filing fee to proceed before a circuit court.

Davenport is ORDERED to REMIT a check for one-hundred and twenty-five ($125.00) dollars to the clerk of the Lyon Circuit Court or to file a motion to proceed in forma pauperis with a supporting affidavit of indigency pursuant to KRS 31.120 within twenty (20) days from the date of entry of this opinion and order. Failure to pay the required filing fee or file a motion to proceed in forma pauperis will result in dismissal of this appeal.

All concur.